# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. SAENZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>T. CAMPBELL, Warden,<br><br>　　　　Respondent. | Case No.: 1:24-cv-00395-SKO (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION<br>[Doc. 6]<br><br>[21-DAY OBJECTION DEADLINE] |

  Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a sentence of 76 years-to-life. On April 4, 2024, Petitioner filed the instant petition in which he challenges a prison disciplinary action finding him guilty of battery with a deadly weapon. (Doc. 1.) On June 4, 2024, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Doc. 6.) On June 27, 2024, Petitioner filed an opposition to the motion. (Doc. 10.) Respondent filed a reply to the opposition on July 10, 2024. (Doc. 11.) Upon review of the pleadings, the Court finds that it lacks jurisdiction in this matter. Therefore, the Court will recommend that Respondent's motion to dismiss the petition be granted.

**DISCUSSION**

Petitioner challenges a guilty finding in a disciplinary hearing held on July 8, 2022, wherein Petitioner was found guilty of battery with a deadly weapon for which he was sanctioned with a loss of 360 days credits. (Doc. 10 at 2.)

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*). "[The Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)). Conversely, if a "prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus . . . ." Nettles, 830 F.3d at 931 (internal citation omitted) (citing Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)).

With respect to prison disciplinary and administrative proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

It is also established in this circuit that where a successful challenge to a disciplinary hearing or administrative sanction will not necessarily shorten the overall length of confinement, habeas jurisdiction is lacking. In Nettles v. Grounds, the Ninth Circuit considered a petition challenging a

prison disciplinary action by a prisoner serving a life sentence who had already passed his minimum eligible parole release date. Nettles, 830 F.3d 922. The Ninth Circuit noted that the parole board could deny parole regardless of whether the disciplinary violation was expunged. Id. at 935. The appellate court held that habeas corpus jurisdiction was absent, because "success on Nettles's claims would not necessarily lead to his immediate or earlier release from confinement," and thus his "claim does not fall within 'the core of habeas corpus.'" Id. (quoting Skinner, 562 U.S. at 535 n. 13). The same is true here.

Petitioner is an inmate serving a life sentence whose release on parole depends on the parole board's discretion. Expungement of the disciplinary proceedings and reinstatement of the lost credits resulting from the disciplinary violation – i.e., a successful outcome in the instant action – would *not necessarily affect the length of his confinement*. See Nettles, 830 F.3d at 935 (noting that parole board "considered a range of relevant factors" to determine Nettles was unsuitable for parole, and it "gave no indication that Nettles's 2008 violation report was an important, let alone determinative, factor in his decision"); see also Sandin v. Conner, 515 U.S. 472, 487 (1995) (although disciplinary conviction may not help inmate seeking release on parole, it is only one of "myriad of considerations" relevant to parole decision and does not inevitably affect the length of the prisoner's sentence); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (successful challenge to prison disciplinary proceeding will not necessarily shorten length of confinement where parole board could deny parole for other reasons). As such, Petitioner's claims fall outside the core of habeas corpus and are not cognizable on federal habeas review.

In his opposition, Petitioner contends that following a grant of parole, the Board of Parole Hearings will calculate his credits to determine his release date. This is incorrect. As Respondent notes, the Board no longer calculates a base term or applies post-conviction credits following a parole grant. See In re Butler, 4 Cal.5th 728, 737 (Cal. 2018). Rather, once an inmate has been granted parole, he "shall be released subject to all applicable review periods," but not until he has served the greater of seven years or a minimum term set by relevant statute, if one exists. Cal. Penal Code §§ 3041(a)(4), 3046. Regardless, the granting of parole remains at the Board's discretion.

Petitioner also contends expungement could possibly affect his custody level. Petitioner is not seeking release from disciplinary segregation or secured housing unit placement. This contention is speculative and a change in custody level is akin to a change in programming, location, or environment and does not come within the core of habeas corpus. Nettles, 830 F.3d at 934-35.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED WITH PREJUDICE for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court, and such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any replies to objections are due within ten (10) court days of the date of filing of objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 16, 2024**        /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

4